### ELIZA LEE v. EMORY O. BRIGGS.

*Notice of default on bond—Demand of payment.*

Where the principal in a bond makes default in payment, the notice required to bind his surety need not be in writing unless so stipulated.

Where a bond required that demand upon the surety be made within a given time, a demand by the obligee's husband was held sufficient, though he did not expressly state that he made it in his wife's behalf, where no question of his authority was made at the time, and the facts indicated that it was assumed that he made it in her name.

Error to Van Buren. Submitted Oct. 25. Decided Oct. 31.

ASSUMPSIT on special and common counts on appeal from a justice in an action brought by Mrs. Lee against Briggs upon a bond made by Harry T. Howe, with Briggs

as surety, conditioned for the annual payment to Mrs.
Lee of $50 during her life time, and providing that if
Howe should fail in making payment at the time stipu-
lated she should give notice to Briggs within five days
afterwards, but that if she did not give him notice he
should be released from payment, though only for that
year. Plaintiff recovered before the justice, but the judg-
ment was reversed in the circuit court and she brings
error. Submitted October 25. Decided October 31.

*Mills, Knowles & Hilton* for plaintiff in error. Verbal
notice of the dishonor of commercial paper is sufficient
unless otherwise provided by statute, Wade on Notice,
373; 2 Dan. Negot. Inst., 29; *Williams v. Bank of U.
S.*, 2 Pet., 96; *Cuyler v. Stevens*, 4 Wend., 566.

*Chandler Richards* for defendant in error.

COOLEY, J. We have not been able to discover in the
proceedings before the justice any error of law which
should reverse his judgment. The bond on which Briggs
was sued did not require the notice to him of Howe's
default to be given in writing, and the evidence of
verbal notice of the several defaults was ample. It is
true that plaintiff's husband, when giving notice, did
not expressly say to Briggs he was giving it for and in
the name of the plaintiff, but what took place between
them shows that the fact was assumed, and no question
whatever made concerning it. Neither was any question
of his authority made before the justice; and under the
circumstances it operated as an unfair surprise when the
point was made by the affidavit for a certiorari, that Mr.
Lee did not apprise Briggs that he came by plaintiff's
authority, to give the requisite notice. Briggs himself
was a witness before the justice, and all the proceedings
on the trial warranted the justice in supposing that the
authority of Mr. Lee to make the demand was not dis-
puted. His conclusion was right on the facts as they
were presented to him; and that is sufficient to require

the affirmance of his judgment. It will be so ordered; and plaintiff in error will recover costs of the circuit and of this court.

CAMPBELL, C. J. and GRAVES, J. concurred; MARSTON, J. did not sit in this case.